IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANDREW LEWIS WILSON, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | |
| v.                        ) | CIVIL ACTION NO. 3:06cv212-TH |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 1, 2006, petitioner Andrew Lewis Wilson ("Wilson") filed a "Petition For A Writ Of Habeas Corpus" in this court.[1]  Wilson challenges the prison sentence imposed on him in 1996 following his conviction for conspiracy to distribute cocaine base.  For the reasons which follow, the court concludes that it lacks jurisdiction to consider Wilson's claims for relief.

**DISCUSSION**

Wilson contends that because he was sentenced pursuant to mandatory sentencing guidelines, his sentence was enhanced by facts not found by a jury, and consequently, his sentence violates the recent holdings in *United States v. Booker*, 543 U.S. 220 (2005) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  It is clear that Wilson's claims directly attack

---

[1] As explained in this Recommendation, the pleading has been docketed as a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. Although Wilson's motion is date stamped "received" on March 6, 2006, under the "mailbox rule," the court deems it filed on the date he delivered it to prison authorities for mailing, presumptively, March 1, 2006, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

the fundamental validity of his sentence.

The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979). The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his motion as one filed under separate rules or statutes. *Wofford*, 177 F.3d at 1245. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990).

Wilson seeks relief from this court that is appropriate only under 28 U.S.C. § 2255.

Thus, this court construes his present pleading as a *motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255*. This is the second § 2255 motion filed by Wilson attacking his 1996 sentence. This court denied his initial § 2255 motion, filed on August 13, 1999 (doc. # 1098), deciding all claims adversely to Wilson. *See United States v. Wilson*, Case No. 3:94cr114-TH - Doc. # 1432 - *March 11, 2004 Recommendation of the Magistrate Judge* (adopted as Judgment of the court by final order of April 20, 2004, Doc. # 1438).

A second or successive § 2255 motion in the district court requires the movant first to secure from the appropriate court of appeals an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[2] *See*

---

[2] Wilson asserts that the holdings in *Booker* and *Apprendi* should be applied retroactively to his case. *See* Doc. # 1 at 10. However, the Eleventh Circuit has held that neither *Booker* nor *Apprendi* applies retroactively to cases on collateral review. *See Varela v. United States,* 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceedings); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications); *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000) (*Apprendi* not retroactive). A review of the record clearly demonstrates that Wilson's conviction became final well before *Booker* and *Apprendi* were decided. Thus, in addition to the "successive motion" bar on which this Recommendation is based, Wilson cannot prevail on the merits of his substantive claims.

Wilson also cites, without elaboration, the recent Supreme Court case of *Dodd v. United States*, 545 U.S. 353, 125 S.Ct. 2478 (2005). (Doc. # 1 at 10). In *Dodd*, the Supreme Court stated that a petitioner has one year from the date on which the right he asserts was initially recognized by the Supreme Court to file

28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Wilson has not received certification from the Eleventh Circuit Court of Appeals authorizing this court's consideration of his successive § 2255 motion. Accordingly, this court lacks the jurisdiction to consider Wilson's present motion, and the motion is due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus filed by Wilson on March 1, 2006, be dismissed for lack of jurisdiction, as Wilson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **June 13, 2006.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed

---

a § 2255 motion pursuant to ¶ 6(3) of that statute. *See Dodd*, 545 U.S. at ___, 125 S.Ct. at 2482. However, the Supreme Court held that a petitioner cannot take advantage of this date unless the other conditions of this statute are also met; i.e., the right must be newly recognized *and* must have been made retroactively applicable to cases on collateral review. *Id*. Thus, any reliance by Wilson on *Dodd* is misplaced, as *Booker* and *Apprendi* are not retroactively applicable to cases on collateral review. *See Varela, supra; In re Anderson*, *supra; In re Joshua, supra*.

findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 31st day of May, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE