IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANDREW LEWIS WILSON,            )
                                )
    Petitioner,                 )
                                )
vs.                             )  Case No. 3:06cv212
                                )
UNITED STATES OF AMERICA,       )
                                )
    Respondent.                 )
                                )  OBJECTIONS TO THE MAGISTRATE'S
                                )  REPORT AND RECOMMENDATIONS

    Comes Now, Petitioner, Andrew Lewis Wilson, pro-se and herewith files these objections to the Magistrate's Report and Recommendations in the above-styled case, and would state as follows:

    Wilson considers his principal memorandum of law to be dispositive, and adopts the same by reference as if fully set forth herein. Petitioner raises two specific arguments which have substantial impact on this Court's disposition and which conclusively demonstrate that the Magistrate's Report and Recommendation reached the wrong conclusion from the undisputed facts.

    Wilson urges this Court to reweigh the arguments and citations to authority contained in his principal memorandum of law, and requests the relief sought therein. The following issues should also be reexamined by this Court:

1

1.

THE DISTRICT COURT LACKS JURISDICTION TO CONSTRUE, ENTERTAIN OR TRANSFER PETITIONER'S 28 U.S.C. §2241 PETITION AS A MOTION UNDER 28 U.S.C. §2255 WHERE THESE ACTIONS ARE UNAUTHORIZED BY STATUTE OR PRECEDENT.

Petitioner, Andrew Lewis Wilson enters objections to the Magistrate's Report and Recommendations's construction of his Petition filed under 28 U.S.C. §2241 being treated and construed as a motion pursuant to 28 U.S.C. §2255. Mr. Wilson submits that statutory construction does not authorize such action and precedent squarely forecloses the district court's jurisdiction to enter disposition in this fashion.

In Hooker v. Sivley. 187 F.3d 680 (5th Cir. 1999), the District Court for the Northern District of Mississipi construed the defendant's petition as a §2255 motion and dismissed it as time-barred under that section's one-year limitations period. Hooker had initially filed his petition in the District Court for the Nortehern District of Alabama, the district in which he was incarcerated. Id. On appeal, the Fifth Circuit concluded that the district court lacked jurisdiction to construe Hooker's petition as a §2255 motion because it (5th Circuit), had not given prior authorization for Hooker to file a successive §2255 motion. Id. See also 28 U.S.C. §2244, 2255; United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998). The Fifth Circuit also concluded that the district court lacked jurisdiction to entertain Hooker's plea-

2

dings as a §2241 petition where such pleadings "Must be filed in the district court where the prisoner is incarcerated." See Hooker, 187 F.3d at 681; United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992).

Just as the defendant in Hooker was incarcerated in Talladega, Alabama, and only that Court had subject matter jurisdiction to entertain the defendant's 28 U.S.C. §2241 petition, so too is Mr. Wilson incarcerated in Talladega, Alabama, and falls squarely under the same proposition.

Clearly, the Magistrate's Report and Recommendation has reached the wrong conclusions and this Court must exercise jurisdiction to transfer the pleadings to the proper Court for disposition in this matter.

2.

HERE MR. WILSON HAS NOT AND DOES NOT INTEND TO FILE A SECOND OR SUCCESSIVE MOTION UNDER §2255 AND THE FACTS HEREIN ESTABLISH THAT PRECLUDING THE CLAIMS RELEVANT TO THIS PETITION FROM PROCEEDING WOULD ACT TO SUSPEND THE WRIT OF HABEAS CORPUS IN AN UNCONSTITUTIONAL MANNER

As demonstrated in the initial memorandum in support of Wilson's §2241 petition, the Suspension Clause of the United States Constitution states as follows:

> "The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it."
> Constitution Article I, Section 9, Clause 2.

3

In the present case Mr. Wilson seeks to utilize Supreme Court interpretation of the United States Sentencing Guidelines and relevant Statutes of Conviction. 28 U.S.C. §2255 precludes this challenge wherein those provisions may only be used to permit a Second or Successive 28 U.S.C. §2255 motion where (1) a defendant has Newly Discovered Evidence or, (2) The Supreme Court has made a decision retroactive. Id.

Mr. Wilson submits that the Suspension Clause is violated if he is precluded from pursuing the Supreme Court interpretations of the Sentencing Guidelines and Statutes in Jones v. United States, 119 S.Ct. 1215 (1999); Apprendi v. New Jersey, 120 S.Ct. 2348 (2000); Blakely v. Washington, 124 S.Ct. 2531 (2004) and, United States v. Booker, 125 S.Ct. 738 (2005).

In Jones v. United States, 119 S.Ct. 1215 (1999), the United States Supreme Court established that "the decision does not announce any new principle of constitutional law, but merely interprets a particular federal statute in light of a set of constitutional concerns that have emerged through a series of our decisions over the past quarter century." Id. Jones, 119 S.Ct. at 1228 n.11. Likewise, the Rule established in Jones and Apprendi has been used to scrutinize and interpret the federal sentencing guidelines from the time of inception. See United States v. Booker, 125 S.Ct. 738 (2005). The result? The Supreme Court concluded that previous Interpretation and Application of the Guidelines, from inception, was unconstututitional. Id.

In a previous decision on Certiorari from the Pennsylvania Supreme Court, the United States Supreme Court decided that any decision which "Interprets" or "Clarifies" the law, at the time of conviction, as failing to apply to conduct taken into consideration in imposition of judgment and sentence "fails to satisfy the federal constitution's demands". <u>Fiore</u>, Supra. As <u>Jones</u> established that the Rules confronted in <u>Apprendi</u>, <u>Blakely</u> and <u>Booker</u>, only act to interpret the Statutes, there exists no question of Retroactivity in this case. Mr. Wilson must be allowed to proceed under the <u>Savings Clause</u> of 28 U.S.C. §2255, to avoid "Suspension of the Writ of Habeas Corpus", as envisioned by the authors of the United States Constitututution.

Wherefore, Petitioner Andrew Lewis Wilson, asks this Court to reject the Magistrate's Report and Recommendations and take under consideration the aforementioned issues in conjunction with those presented by Mr. Wilson in his initial memorandum of law in support of his 28 U.S.C. §2241 Petition.

Respectfully Submitted this 12th day of June, 2006,

ANDREW LEWIS WILSON
REG# 09385-002
PMB 1000 SIGMA A
TALLADEGA, ALABAMA 35160

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage pre-paid and sufficient thereon to cause delivery this 12th day of June, 2006 to the following:

Charles S. Coody
Chief United States Magistrate Judge
Middle District of Alabama
P.O. Box 711
Montgomery, Alabama 36101-0711

Office of the United States Attorney
Middle District of Alabama
P.O. Box 197
Montgomery, Alabama 36101

ANDREW LEWIS WILSON



Andrew Lewis Wilson
Reg # 09325-002
MB 1000 Sigma A
Federal Correctional Institution
Talladega, Alabama 35160

Legal Mail

Charles S. Coody
Chief U.S. Magistrate Judge
P.O. Box 711
Montgomery, Alabama 36101-0711